# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )   **Case No.:**<br>) |
| **CLIFFORD WITHERSPOON, an individual, and MCKESSON MEDICAL SURGICAL, INC., a corporation,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased, Plaintiff in the above-styled civil action, by and through his undersigned counsel of record, and for the relief hereinafter sought, respectfully shows unto this Court as follows:

### Parties

1. Plaintiff CHRISTOPHER BAILEY is an individual over the age of nineteen years and a resident citizen of Calhoun County, Alabama. CHRISTOPHER BAILEY was appointed as Administrator and Personal Representative of the ESTATE OF FELISHA BAILEY, deceased, by the Calhoun County Probate Court.

2. Decedent FELISHA BAILEY died in a crash that occurred on May 3, 2022 in St. Clair County, Alabama.

3. Defendant MCKESSON MEDICAL SURGICAL, INC. is, upon information and belief, a Virginia corporation with its headquarters and principal place of business at 9954 Mayland Drive, Suite 4000, Henrico, VA, 23233-1484.

4. At the time of the collision forming the basis of this civil action, Defendant MCKESSON MEDICAL SURGICAL, INC. was operating in and conducting business within the Northern District, Middle Division of the State of Alabama.

5. On or about May 3, 2022, Defendant MCKESSON MEDICAL SURGICAL, INC. owned and/or leased, rented, maintained or controlled a 2017 Freightliner Cascadia commercial motor vehicle (VIN # 3AKJGEDR0HSJF5771) involved in a collision with a vehicle occupied by Plaintiff's decedent FELICIA BAILEY.

6. Defendant CLIFFORD WITHERSPOON is, upon information and belief, an adult resident citizen of Dekalb County, Georgia, who was at all times pertinent to this civil action an employee working for and under the control of Defendant MCKESSON MEDICAL SURGICAL, INC., and was the operator of the 2017 Freightliner Cascadia commercial motor vehicle (VIN #

3AKJGEDR0HSJF5771) owned and/or leased, rented, maintained or controlled by Defendant MCKESSON MEDICAL SURGICAL, INC. on May 3, 2022.

7. All of the acts and omissions of Defendant CLIFFORD WITHERSPOON alleged in this civil action were acts and omissions that occurred while Defendant CLIFFORD WITHERSPOON was acting within the line and scope of his employment as an employee of Defendant MCKESSON MEDICAL SURGICAL, INC. and pursuant to Defendant MCKESSON MEDICAL SURGICAL, INC.'S federal motor carrier authority (DOT No. 191101).

8. This Complaint is brought against all employees and agents of Defendant MCKESSON MEDICAL SURGICAL, INC. and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant MCKESSON MEDICAL SURGICAL, INC. who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant MCKESSON MEDICAL SURGICAL, INC.

9. Defendant MCKESSON MEDICAL SURGICAL, INC., as a legal entity, can only act through its officers, employees and agents. As the employer of those who set policies and play any role in the hiring, training, retention and supervision of its employees, Defendant MCKESSON MEDICAL SURGICAL,

INC. is responsible for its tortious acts or omissions that were the direct and proximate cause of FELISHA BAILEY's death.

## Jurisdiction & Venue

10. The Plaintiff adopts and incorporates paragraphs one (1) through nine (9) as if fully set out herein.

11. This civil action is filed pursuant to 28 U.S.C. § 1332, as the parties are each citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has proper subject matter jurisdiction.

12. On the date forming the basis of this civil action, Defendant CLIFFORD WITHERSPOON was operating a commercial motor vehicle in St. Clair County, Alabama, in interstate commerce and within the line and scope of his employment with Defendant MCKESSON MEDICAL SURGICAL, INC. The incident forming the basis of this lawsuit occurred within the borders of St. Clair County, Alabama. Accordingly, this Court has personal jurisdiction over the Defendants.

13. The United States District Court for the Northern District of Alabama, Middle Division, is the proper venue for this civil action, pursuant to 28 U.S.C. § 1391(b)(1) & (d).

**Factual Allegations**

14.     The Plaintiff adopts and incorporates paragraphs one (1) through thirteen (13) as if fully set out herein.

15.     On or about May 3, 2022, at approximately 3:50 A.M., decedent FELISHA BAILEY was operating a private passenger vehicle traveling West on I-20 in St. Clair County, Alabama.

16.     At the same time and place, Defendant CLIFFORD WITHERSPOON was operating a commercial motor vehicle, as follows: a 2017 Freightliner Cascadia commercial motor vehicle (VIN # 3AKJGEDR0HSJF5771) owned and/or leased, rented, maintained or controlled by Defendant MCKESSON MEDICAL SURGICAL, INC. and traveling Westbound on I-20 in St. Clair County, Alabama.

17.     At the same time and place, Defendant CLIFFORD WITHERSPOON was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant MCKESSON MEDICAL SURGICAL, INC. and under MCKESSON MEDICAL SURGICAL, INC.'s federal motor carrier operating authority.

18.     At the same time and place, Defendant CLIFFORD WITHERSPOON caused his commercial motor vehicle to collide with the rear of the vehicle operated by decedent FELISHA BAILEY, who was stationary, along with all other Westbound traffic on I-20 due to a crash blocking the lanes ahead.  Defendant

CLIFFORD WITHERSPOON collided with the line of stopped vehicles at high speed and with great force, causing decedent FELISHA BAILEY's vehicle to be pushed completely underneath the trailer of the commercial motor vehicle ahead of her vehicle. FELISHA BAILEY was thus trapped in her vehicle, which caught fire and burned.

19. As a direct and proximate consequence of the collision described in paragraph eighteen (18), above, the Plaintiff's decedent, FELISHA BAILEY, was proximately caused to suffer fatal injuries.

## Count One
## Negligence/Gross Negligence/Willfulness

20. The Plaintiff adopts and incorporates paragraphs one (1) through nineteen (19) as if fully set out herein.

21. At the time of the collision forming the basis of this civil action, Defendant CLIFFORD WITHERSPOON had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

22. Defendant CLIFFORD WITHERSPOON, while acting at all times in the line and scope of his employment with Defendant MCKESSON MEDICAL SURGICAL, INC., breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial motor vehicle to collide at high speed

with the stationary vehicle operated by FELISHA BAILEY, including, but not limited to, the following conduct:

    a.    Following too closely behind the vehicle in front of him;

    b.    Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

    c.    Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

    d.    Failing to ensure that he had adequate stopping distance to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

    e.    Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

    f.    Failing to maintain proper speed, given the weight of his commercial motor vehicle and his limited stopping and maneuvering distance and line-of-sight;

    g.    Driving at an unsafe rate of speed;

    h.    Driving while distracted;

    i.    Driving while fatigued;

    j.    Driving while intoxicated; and/or

    k.    Operating his commercial motor vehicle without adequate training, experience and qualification.

23. As a direct and proximate consequence of the conduct of Defendant CLIFFORD WITHERSPOON, Plaintiff's decedent FELISHA BAILEY was caused to suffer fatal injuries. Plaintiff CHRISTOPHER BAILEY, as Personal

Representative of the Estate of FELISHA BAILEY, deceased, maintains this lawsuit pursuant to the Alabama Wrongful Death Act, *Ala. Code* §6-5-410 (1975).

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant CLIFFORD WITHERSPOON for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Two
### *Respondeat Superior*

24. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-three (23) as if fully set out herein.

25. At the time and place of the collision forming the basis of this civil action, Defendant MCKESSON MEDICAL SURGICAL, INC. was the principal, master and/or employer of Defendant CLIFFORD WITHERSPOON.

26. At the time and place of the collision forming the basis of this civil action, Defendant CLIFFORD WITHERSPOON was the agent, servant and/or employee of Defendant MCKESSON MEDICAL SURGICAL, INC.

27. At the time and place of the collision forming the basis of this civil action, Defendant CLIFFORD WITHERSPOON was acting within the line and scope of his employment with Defendant MCKESSON MEDICAL SURGICAL, INC. and was operating a commercial motor vehicle in furtherance of the business purposes of Defendant MCKESSON MEDICAL SURGICAL, INC.

28. As a result of the foregoing, Defendant MCKESSON MEDICAL SURGICAL, INC., as principal, is vicariously liable to Plaintiff CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased, for the negligent, wanton, reckless or willful conduct of Defendant CLIFFORD WITHERSPOON, as agent, which proximately caused fatal injuries to Plaintiff's decedent FELISHA BAILEY.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant CLIFFORD WITHERSPOON for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
## Negligent Hiring, Training, Retention & Supervision

29. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-eight (28), as if fully set out herein.

30. At all times relevant to the events forming the basis of this civil action, Defendant MCKESSON MEDICAL SURGICAL, INC. owed a duty to Plaintiff's decedent FELISHA BAILEY, and to the other members of the motoring public, to exercise reasonable care in:

    a.    Hiring and retaining its drivers;

    b.    Providing training and instruction to its drivers;

    c.    Properly supervising its drivers;

    d.    Complying with federal, state or local regulations concerning the inspection, maintenance and operations of its commercial motor vehicles;

    e.    Ensuring that its drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of its commercial motor vehicles;

    e.    Establishing safe procedures for the operation of its commercial motor vehicles; and

    f.    Inspecting, maintaining and repairing its commercial motor vehicles.

31. At all times relevant to the events forming the basis of this civil action, Defendant MCKESSON MEDICAL SURGICAL, INC. breached the duties set forth above by failing to use reasonable care in its:

    a. Hiring of its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

    b. Training of its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

    c. Retention of its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

    d. Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner consistent with accepted industry practices, including Defendant CLIFFORD WITHERSPOON;

    e. Instruction of its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

    f. Supervision of its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

    g. Entrustment of a commercial motor vehicle to its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

    h. Inspection of its commercial motor vehicles;

    i. Proper execution of its business practices and procedures;

    j. Compliance with state and federal regulations;

    k. Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including Defendant CLIFFORD WITHERSPOON;

      l.      Auditing of the logs of its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON;

      m.      Utilization of available information to properly monitor its drivers, employees or agents, including Defendant CLIFFORD WITHERSPOON, for compliance with company policies, state regulation and federal regulations; and

      n.      Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

32. As the entity that employed and controlled Defendant CLIFFORD WITHERSPOON, Defendant MCKESSON MEDICAL SURGICAL, INC. failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

33. As a proximate consequence of Defendant MCKESSON MEDICAL SURGICAL, INC.'s breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant CLIFFORD WITHERSPOON, Plaintiff's decedent FELISHA BAILEY was caused to suffer fatal injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased, requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant CLIFFORD WITHERSPOON for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the

Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Four
## Negligence *Per Se*

34. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-three (33), as if fully set out herein.

35. Under the Federal Motor Carrier Safety Regulations, Defendant MCKESSON MEDICAL SURGICAL, INC. owed the general public, including Plaintiff's decedent FELISHA BAILEY, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as truck drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

36. Defendant MCKESSON MEDICAL SURGICAL, INC. had a statutory duty to properly screen its applicants for employment. Under the Federal Motor Carrier Safety Regulations, Defendant MCKESSON MEDICAL SURGICAL, INC. had numerous statutory duties, including, but not limited to, the following:

   a. To ensure the general qualifications of any driver it permitted to operate one of its commercial motor vehicles. 49 C.F.R. §391.11 & §391.15;

    b.    To ensure that a driver it permitted to operate one of its commercial motor vehicles possessed the requisite familiarity with the proper location, distribution and securement of his cargo.  49 C.F.R. §391.13;

    c.    To obtain a completed employment application before permitting an applicant to operate one of its commercial motor vehicles.  49 C.F.R. §391.21;

    d.    To fully investigate a driver's employment history by all reasonable means.  49 C.F.R. §391.23(d)-(k);

    e.    To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment.  49 C.F.R. §391.23(a)-(c);

    f.    To properly conduct an annual inquiry and review of a driver's driving record.  49 C.F.R. §391.25;

    g.    To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months.  49 C.F.R. §391.27;

    h.    To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its commercial motor vehicles.  49 C.F.R. §391.31;

    i.    To ensure the physical and medical qualifications of its applicants.  49 C.F.R. §§391.41-391.49;

    j.    To maintain an appropriate driver qualification file for each of its drivers.  49 C.F.R. §391.51; and

    k.    To maintain an appropriate driver investigation history file for each of its drivers.  49 C.F.R. §391.53.

37.    Defendant MCKESSON MEDICAL SURGICAL, INC. breached each of these statutory obligations and permitted Defendant CLIFFORD

WITHERSPOON to operate its commercial motor vehicles after negligible efforts, if any, to determine whether Defendant CLIFFORD WITHERSPOON was competent and fit to drive commercial motor vehicles.

38.     Defendant MCKESSON MEDICAL SURGICAL, INC. had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including Plaintiff's decedent FELISHA BAILEY, from the unsafe operation of commercial motor vehicles hauling cargo in interstate commerce. FELISHA BAILEY belonged to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the fatal injuries suffered by FELISHA BAILEY were the types of injuries that the Federal Motor Carrier Safety Regulations were specifically intended to prevent.

39.     FELISHA BAILIEY's fatal injuries were proximately caused by Defendant MCKESSON MEDICAL SURGICAL, INC.'s breaches of the statutory obligations referenced in Paragraph Thirty-Six (36), above.  If it had properly screened Defendant CLIFFORD WITHERSPOON's background, Defendant MCKESSON MEDICAL SURGICAL, INC. would not have hired or retained him as a driver, and this collision would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff CHRISTOPHER BAILEY, as Personal Representative of the Estate of FELISHA BAILEY, deceased, requests that the jury selected to hear this case render a verdict for the Plaintiff and

against Defendant CLIFFORD WITHERSPOON for punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

                                                /s/  Andrew J. Moak
                                                Andrew J. Moak
                                                State Bar No.: ASB-3266-N66M
                                                SHUNNARAH INJURY LAWYERS
                                                2900 1st Avenue South
                                                Birmingham, Alabama 35233
                                                P 205.983.8163
                                                F 205.983.8463
                                                amoak@asilpc.com
                                                Attorney for the Plaintiff